Spear, J.
The action below was by D. Armstrong, as Receiver, and others, against the Herancourt Brewing Company, to procure a dissolution of that corporation.
It was averred in the petition, in substance, that the defendant is a manufacturing corporation under the laws of Ohio, with capital stock of $500,000, divided into 500 shares, 458 only of which have been paid up ; that plaintiffs are the owners of more than one-fifth in amount of the paid-up stock; that the corporation has been in existence since 1881, and that for two out of the last preceding three years the net earnings have not been sufficient to pay an annual dividend of six per cent, upon the paid-up stock above salaries and expenses. Plain *474 tiffs prayed the appointment of a receiver, for a dissolution, and for full relief.
After answer filed, two of the petitioners appeared in open court and asked to withdraw as plaintiffs, which was refused. Another stockholder, one Bauer, applied for leave to become plaintiff and file an additional petition, which was allowed. A motion by defendant to dismiss for want of jurisdiction was overruled. A demurrer by the defendant to the pleading of Bauer was overruled; also a motion to strike that pleading off. A demurrer by plaintiffs to parts of an amended and supplemental answer b}r defendants was sustained. To all these rulings the defendant preserved exceptions. The court thereupon, after hearing and consideration, made the following order : ‘ ‘ It is now ordered that the officers of said defendant corporation on or before the 2d day of July, A. D. 1891, file in court and in this cause a full, just and true inventory of all the estate, both real and personal, in law and in equity of the corporation, and of all the books, vouchers and securities relating thereto; also a full, just and true account of the capital stock of the corporation specifying the names of the stockholders, their residence when known, the number of shares belonging to- each, the amount paid in upon such shares respectively, and the amounts still due thereon; also a statement of all the incumbrances on the property of the corporation, and of all the engagements entered into by it which have not been fully satisfied or canceled, specifying the place of residence of each creditor and every person to whom such engagements were made, if known, if not known, the fact to be so stated, and the sum owing to each creditor, the nature of each debt or demand, and the true cause *475 and consideration of such indebtedness, and the sheriff of Hamilton county, is hereby ordered to serve a copy of the within order upon each of the officers of the corporation, to all of which defendant excepts and the defendant gives notice of appeal, and the court fixes the bond at $100.”
From this, and from all previous adverse orders and holdings of the common pleas, error was prosecuted by the Brewing Company to the circuit court, where a judgment of reversal was obtained, an order dismissing the plaintiffs’ petition, and a judgment in favor of defendant for costs. The journal entry of that court shows that the order for inventory, etc., was treated as a final judgment.
Whatever else this order is or is not, one thing is perfectly clear : it is not a final judgment. The proceeding was to obtain judgment of dissolution. No question of dissolution was before the court, nor was there any attempt to determine any such question. It is true that the common pleas, as a predicate of the order, made findings purporting to be upon pleadings and evidence. But error is not prosecuted from findings. Is the order one of those described in section 6707, Revised Statutes, which authorizes a review of “an order affecting a substantial right in an action, where such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment?” To bring it within this category, the order must at least affect a substantial right. • Is it such an order? To determine this we must consider the statute under which the proceeding is brought.
Provision is made for the dissolution of corporations, and the settlement of their affairs, by chap *476 ter 5, of title 1, division 7, embracing sections of the Revised Statutes from 5651 to 5688, inclusive. Authority is given by section 5651 to a majority of the officers having the management of any corporation, or to stockholders representing- not less than one-third of the capital stock, whenever they discover that specified conditions exist, to apply to the court of common pleas of the proper county, or a superior court, by petition for .the dissolution of the corporation. Section 5652 prescribes that the application must contain the reasons relied upon, and a statement of which the following is the substance: 1. A true inventory of all property and of books, vouchers and securities relating to it. 2. A true account of the capital stock, names and residences of stockholders, amount of shares, with amount paid and amount due. 3. List of incumbrances on the property, all unsatisfied engagements, with residence of the creditors, the sum owing to each and nature of the debt, and the consideration. The petition and exhibits must be verified by affidavits. Section 5654 directs that upon the filing of such petition, with inventory, etc., a master or referee shall be appointed, and a notice by publication given to all persons interested in the corporation to show cause before the master at a time and place fixed why it should not be dissolved. A hearing is then to be had, and a report is to be made to the court. If it is made to appear to the court that, for any of the reasons stated, the corporation should be dissolved, a judgment of dissolution shall be entered and a receiver appointed to wind, up its affairs; “and the corporation shall thereupon be dissolved and shall cease. ’ ’ The duties of the receiver are pointed out by succeeding sections. Section 5673 gives authority to *477 owners of one-fifth the capital stock of any manufacturing or mining corporation to commence a like proceeding1 by petition which shall contain the statement, that for two of the three preceding years, the net earnings have not been sufficient to pay an annual dividend of 6 per cent, upon the paid-up stock above salaries and expenses, and that they desire a dissolution. Thereupon, on the filing of such petition, the court shall make an order requiring the officers of the corporation to file in court the inventory, etc., required by section 5652, and, upon the filing’ thereof, the court shall proceed, as.provided in section 5654, requiring all persons interested to show cause why the corporation should not be dissolved, “and the court may adjudge a dissolution of the corporation in conformity with the provisions of this chapter made upon finding that the statements contained in the petition are true.” The Brewing Company is one of the corporations described in this section.
It is argued, and was assumed by the courts below, that the defendant might invoke the court’s action on its denial of the ownership by plaintiffs of one-fifth of the capital stock in advance of a trial on the merits otherwise, and if successful, prevent the making’ of the order for inventory, etc., and end the case then and there upon the ground that the jurisdiction of the common pleas depended upon whether in fact the plaintiffs were theowners of one-fifth of the paid-up stock. This conclusion is supposed to follow from the words of the opening sentence of section 5673, which are: “When the stockholders owning one-fifth or more in amount of the paid-up stock * * * file their petition containing, etc., * * * the court shall make an order requiring the officers of the corporation, *478 within a reasonable time, to file in the court inventories,” etc. We think the conclusion does not follow, and that the assumption is unwarranted. While the statute is not couched in the clearest language, construing it as a whole, its meaning is not difficult of ascertainment. The requirement (section 5662) that where the action is commenced by a majority of the officers, the statement as to inventory, names and residences of stockholders, etc., must be annexed to their petition, indicates that such a statement is deemed necessary at the inception of the proceeding. How else could the court cause notice to be given to all interested in the corporation requiringthem to show cause against or in aid of, the petition? And should the court stop then to try the question, whether as matter of fact, the persons appearing to be, are in reality such officers, and whether or not- they had in fact made the discovery specified as a basis for their action, and whether or not the facts, all or any, so alleged to have been discovered, were true? If not, why should such preliminary trial be had where the action is based on section 5673? The language conferring authority to begin the action is not broader in the former than in the latter section. Ordinary rules of pleading require, also, that, where the action is instituted by stockholders, the petition must contain an averment of the ownership of the requisite amount of stock by the plaintiffs in order to bring them within the operation of the statute. This is an issuable fact, and where denied must be proven. By the words of the statute the power to render final judgment of dissolution depends upon the court “finding that the statements contained in the petition are true. ” This means all the statements, those relating to ownership of stock as *479 well as the others. Giving this construction to the statute its meaning is that where a petition is filed in the proper court containing an - averment that the plaintiffs are the owners of one-fifth the paid-up stock, and the other necessaryaverments, the court shall proceed to make the order. It is obvious that the procedure provided contemplates but one trial and one judgment, viz: a trial to determine whether or not the allegations of the petition are true, and a judgment of disso lution, or a refusal, and consequent dismissal of the petition. The construction of the statute contended for would lead to the absurd result of trying and finally determining a material fact in issue before the necessary parties had been brought into court.
The common pleas had jurisdiction, not because of ownership of the requisite amount of stock by the plaintiffs, but because the statute itself gives the jurisdiction, and that question, like every other, would be determined in the exercise of that jurisdiction. It follows, therefore, that upon the filing in that court of a petition which filled all the requirements of the statute in form, the court was clothed with the power, and it was its dutyq to issue the order for inventory, etc., and all other orders, or process necessary to bring the ease to trial on its merits as to dissolution or no dissolution. Necessarily, if the plaintiffs failed to show ownership where contested, or any other essential fact, they would be defeated, their petition dismissed, and judgment awarded defendant for costs; but this result would follow, not because of want of jurisdiction in the court, but for want of merit in the plaintiff’s case. It is difficult to see that the question of ownership of stock in this kind of a *480 proceeding differs in principle from the question of the real party in interest in any case. And we believe it has not been usual for a court to be asked to stop and determine, as question of fact, whether or not the plaintiff is the real party in interest in advance of a trial upon the merits of the entire controversy.
Taking the chapter as an entirety, it must be obvious that all the steps which precede trial are steps looking- to the bringing in of the proper parties and the furnishing to the court of data necessary for its final judgment; facts and things to be ascertained preparatory to final judgment as distinguished from facts and things to be ascertained in execution of final judgment. The order complained of does not take from the corporation any of its property, nor disturb its managers in their full control and use thereof; it simply requires a showing’ as to its condition. In every essential sense, therefore, is the order an interlocutory one. Without doubt a compliance with it is calculated to work more or less inconvenience to the officers who manage the corporation; but does it affect a substantial right? A substantial right involves the idea of a legal right, one which is protected by law. The corporation is itself a creature of the statute, and the duty to make an exhibit of its affairs in compliance with law, is assumed the moment it becomes incorporated. It would be inconsistent, it seems to us, with an enlightened public policy for the state to clothe an artificial person of its own creation with power to unreasonably obstruct an inquiry on the part of agencies also created by the state, into its workings, set on foot for the purpose of determining whether or not it is fulfilling the object of its crea *481 tion, and in the absence of clear expression to that effect, it should not be assumed that such was the legislative intent. The secrecy and mystery which often attends corporate management is a feature not worthy of encouragement. There can exist no legal right on the part of a corporation to conceal its true condition from its stockholders, nor is such concealment from the public with whom it deals conducive to good morals or sound policy. We think it clear that an 'order requiring the corporation to make true disclosure as to its condition in á proceeding authorized by statute for that purpose, to the end that the court may intelligently pass upon its right to longer exist, is not an order affecting a substantial right within the meaning of section 6707.
It follows that the circuit court had not jurisdiction to review the proceedings of the common pleas. The judgment of that court will, therefore, be reversed and the cause remanded with direction to strike the case from the docket.

Reversed.